THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN M. FRANCIS AND HENRY O'R. TUCKER, RESPONDENTS, v. THE COMMON COUNCIL OF THE CITY OF TROY, APPELLANT.

*Common council of Troy — when compelled to designate official papers.*

By the charter of the city of Troy, the common council is required to " designate: not to exceed four newspapers having the largest circulation in the city, in which the city advertising shall be done." The common council designated four papers, but did not include that of the relators, which, concededly was one of the four having the largest circulation.

*Held,* that a mandamus was properly granted, requiring the defendant to designate the relator's paper as one of the four official papers.

APPEAL by the common council of the city of Troy from an order of the Special Term allowing a peremptory mandamus, and therein commanding the council to designate the relator's newspaper, known as the Troy Daily Times, as an official paper for the city of Troy.

On the 12th day of March, 1878, the common council of the city of Troy, at a regular meeting thereof, designated as official newspapers, for the then ensuing year, four newspapers published in said city and known as the Troy Daily Press, the Troy Morning Whig, the Trojan Observer, and the Troy Evening Standard. These newspapers and their proprietors severally accepted the appointment, and ever since have done the city advertising. The designation by the common council of official papers for the year

ending on the second Tuesday of March, 1879, was made under and pursuant to section 3 of chapter 813 of the Laws of 1873, the city charter, which reads as follows : " The common council shall designate not to exceed four newspapers, having the largest circulation in the city, in which the city advertising shall be done, only on the order of the common council."

R. A. Parmenter, for the appellant.

Esek Cowen, for the respondents.

BOCKES, J.

The papers read at Special Term leave no reasonable doubt, that the action of the common council of the city of Troy, in omitting and refusing to designate the " Troy Times " as one of the official papers in which the city advertising should be published, was in flagrant violation of official duty. The provision of the city charter is unmistakable in its language and meaning. It required the common council, acting through its members, to designate, not to exceed four newspapers having the largest circulation in the city, for the publication of the city advertising. That body was required to make the designation under this provision, in good faith, with a view to answer the very reasonable and obviously beneficial purpose suggested by it ; it was left to the common council to fix the number in its discretion, not exceeding four, and this duty was performed in effect, the number being fixed at four. To this extent that body acted in accordance with the law. But the common council did not, as it should have done, designate the relator's newspaper, the Troy Times, as one of the four. That the " Times " was one of the four newspapers having the largest circulation in the city stands, on the papers presented to the court in this case, as an indisputable fact. No attempt is made to controvert it. So it should be assumed that the common council knew the truth when it took action, based on a fact which the law required that body to learn and know. The violation of law and duty is therefore patent to the court. It then only remains for the court to see to it that the law is obeyed; and on an admitted or uncontroverted state of facts, in a case where public officers are charged with a

duty, performance of which is omitted or willfully refused, proceeding by mandamus is the appropriate remedy.

It is no sufficient answer for the common council to say that it has already made a designation of four papers, when it appears that in so doing that body disobeyed the law in designating others than those it was commanded to designate. It should be able to answer that it had designated the number determined upon, not exceeding four in number, which number had the largest circulation in the city. It is suggested that the court has no power to direct the common council, by mandamus, to designate any particular newspaper as an official paper. The city charter leaves it with that body to designate the number, and then prescribes of what papers they shall be composed, to wit : Those " having the largest circulation in the city." Those, and those only, must the common council select. In this regard their duty is ministerial. To say that that body may select in disregard of this provision, is to declare it nugatory in the discretion of the common council. The provision is of value and can neither be ignored or disobeyed ; nor can the common council be heard to aver a want of information and refuse to examine or accept the truth from others when proffered. This course is but a factious disobedience of the law and a willful disregard of official duty.

The fact stated in the affidavit of Mr. Ross that Mr. Tucker, one of the relators, was a commissioner of deeds, hence disqualified from contracting for services with the city authorities, is not urged upon our consideration by the appellant.

The order appealed from should be affirmed, with ten dollars costs and disbursements for printing.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.